# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Littiece Jones

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Delta Air Lines, Inc.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 2:26−cv−14030
Assigned To : Murphy, Stephen J., III
Referral Judge: Grand, David R.
Assign. Date : 10/22/2026
Description: CMP Jones v. Delta Air Lines, Inc. (tt)

Case No. ______________________

*(to be filled in by the Clerk's Office)*

Jury Trial: ☒ Yes ☐ No
*(check one)*

# Complaint for Employment Discrimination

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Littiece Jones |
| Street Address | 45014 Trails Ct. |
| City and County | Canton, Wayne County |
| State and Zip Code | Michigan 48187 |
| Telephone Number | 313-515-9797 |
| E-mail Address | LRBJ_99@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Delta Air Lines, Inc. |
| Job or Title (if known) | Employer / corporation |
| Street Address | 1030 Delta Boulevard |
| City and County | Atlanta, Fulton County |
| State and Zip Code | Georgia 30354 |
| Telephone Number | Not provided |
| E-mail Address (if known) | Not provided |

Defendant No. 2

| | |
|---|---|
| Name | None |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | None |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | None |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Delta Air Lines - DTW ramp operations |
| Street Address | Detroit Metropolitan Wayne County Airport |
| City and County | Romulus, Wayne County |
| State and Zip Code | Michigan 48242 |
| Telephone Number | Not provided |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:
28 U.S.C. 1331 and 1367; ADA retaliation, 42 U.S.C. 12203. See page 9.

☒ Relevant state law *(specify, if known)*:
Michigan ELCRA, MCL 37.2202 and 37.2701; PWDCRA, MCL 37.1102, 37.1202, 37.1210, and 37.1602. WPA, MCL 15.362-15.363. See prior-case limits in Claims Addendum.

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*:

Religious accommodation denials; suspension; zero hours; disputed employment status. Termination is alleged only in the alternative. See facts and page 9.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
2025 through approximately March 12, 2026; 2024 events are background.

C. I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race ______
- ☐ color ______
- ☐ gender/sex ______
- ☒ religion Seventh-day Adventist; Friday sunset-Saturday sunset Sabbath.
- ☐ national origin ______
- ☐ age. My year of birth is ______. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

PTSD, GAD, IBS, Long COVID, musculoskeletal impairments.

E. The facts of my case are as follows. Attach additional pages if needed.

1. Delta employed me beginning in 2012 as a Customer Service Agent Below Wing at DTW. I am a Seventh-day Adventist observing Sabbath from Friday sunset to Saturday sunset. Delta knew this restriction; shift swaps accommodated it for approximately twelve years.

2. I have PTSD, generalized anxiety disorder, IBS, Long COVID, and musculoskeletal impairments. I sustained workplace injuries at Delta and reported injuries and medical concerns through its safety and medical channels. Some impairments were caused or aggravated by those injuries. My impairments substantially limit major life activities or bodily functions when active. Delta received medical documentation and accommodation requests. I could perform essential duties with reasonable accommodations.

3. After involuntary leave beginning August 13, 2024, I briefly returned approximately December 22, 2024 through January 1, 2025. I obtained return-to-work clearance January 6, 2025.

4. During 2025, I renewed requests through Delta HR, accommodations personnel (including Tenia Russ), and Sedgwick. Requests included safe restroom access, written training materials, return to work with accommodations, and Sabbath shift swaps. Delta denied effective accommodations, restricted workable swaps, and kept me out of work or at zero hours.

5. Delta knew I opposed disability and religious discrimination and pursued EEOC and court proceedings. Managers issued retaliatory write-ups, reduced hours to zero, and denied accommodations during 2025. Delta suspended me August 8, 2025. Delta has identified September 30, 2025 as my separation date. I did not receive a termination notice effective September 30, 2025. I am unclear about my current employment status because of Delta's inconsistent information and the absence of a termination notice effective September 30, 2025. I believe I remain employed and do not concede that my employment ended. Alternatively, if Delta ended my employment, I allege that action was discriminatory and retaliatory.

6. I allege disability and religious discrimination and retaliation for protected complaints and requests. Delta's explanations were pretexts given my clearance, accommodation requests, and workable swap history. I lost wages, benefits, and employment opportunities, and suffered emotional distress and aggravated health symptoms. See page 9 for the limited scope and prior-case disclosures. The 2024 events provide background; the claims here concern the identified 2025 and later decisions, subject to the prior judgments.

7. I reported unsafe conditions internally to Delta management, including Ron Cook, Tenia Russ, and leadership, and to MIOSHA. MIOSHA's February 7, 2025 letter confirms that my Complaint 2247352 prompted Inspection 1797115 beginning January 10, 2025. Its January 28 citations concerned bag-room rolling-door pinch points and obstructed exits; the proposed penalty was $4,000. I do not allege that the proposed penalty's final disposition is established here.

8. I allege management knew of my internal safety complaints and that retaliation for safety reporting contributed to the work exclusion, discipline, and suspension challenged here. My earlier MIOSHA reporting and the January 2025 inspection provide context for those allegations. I dispute Delta's explanations.

9. My July 27, 2026 signed charge, 410-2026-13284, challenges termination, accommodation and return-to-work denials, inconsistent status information, failure to respond to my internal appeal, and retaliation for accommodation requests and earlier EEOC charges. Delta knew of my disabilities, religious practice, and protected complaints. If Delta ended my employment, I allege disability and protected complaints were but-for causes and religion was a motivating factor. I rely on the preceding accommodation history, work restrictions, discipline, and inconsistent explanations as supporting facts. The charge lists alleged events beginning September 30, 2025 through approximately March 12, 2026; it does not establish a separate discharge on each later date.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

471-2025-02221: October 27, 2025; 410-2026-13284: signed July 27, 2026.

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*

First: July 23, 2026. Second: see page 9.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

I request back pay, lost benefits, and interest attributable to the challenged discrimination, retaliation, suspension, and, alternatively, any termination found to have occurred; return to work with effective accommodations, or reinstatement or appropriate front pay if termination occurred; compensatory damages for proven losses and emotional distress; punitive damages where authorized and supported by proof; appropriate declaratory and injunctive relief; costs and recoverable attorney fees if counsel appears; and other just relief. Amounts will be established by evidence. Each remedy is requested only as authorized for the particular claim, without duplicate recovery. I demand a jury trial.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 21, 2026.

Signature of Plaintiff Littiece Jones

Printed Name of Plaintiff Littiece Jones

**Additional Information:**

SCOPE AND DISPUTED EMPLOYMENT STATUS

Delta identifies September 30, 2025 as my separation date, but I did not receive a termination notice effective on that date. I am unclear about my current employment status because of Delta's inconsistent information and the absence of a termination notice effective September 30, 2025. I believe I remain employed and do not concede that my employment ended. I challenge accommodation denials, work restrictions, discipline, suspension, and retaliation. Alternatively, if Delta ended my employment, I challenge that action as discriminatory and retaliatory. Every reference to termination or separation in the claims and requested relief is pleaded in this alternative sense under Rule 8(d), without conceding that my employment ended. Charge 410-2026-13284 and its September 14, 2026 notice concern that disputed action; the first notice concerns the earlier charge.

The attached Claims Addendum is incorporated into this complaint and asserts Counts I-IX. This Court has federal-question jurisdiction under 28 U.S.C. section 1331 over my Title VII and ADA claims, and supplemental jurisdiction under 28 U.S.C. section 1367 over the related Michigan-law claims arising from the same employment relationship and challenged decisions.

RELATED CASES AND EXHAUSTION

Both earlier Delta cases and their differing dismissal outcomes are disclosed in the Claims Addendum. Claims dismissed with prejudice are not reasserted. State claims previously dismissed without prejudice are identified as such, subject to the other case's judgment. The 2024 events provide background only. No duplicate recovery or review of another judgment is requested.

The EEOC vacated its March 19, 2026 dismissal and revoked the prior right-to-sue notice on May 6, 2026. It issued the new notice July 21, 2026 in Charge 471-2025-02221 (Exhibit A). My August 20, 2026 appeal/petition recorded receipt July 23, 2026 (Exhibit B). This action is filed within ninety days of that recorded receipt date.

Charge 410-2026-13284 was signed July 27, 2026 and identifies termination and related conduct. EEOC issued its Determination and Notice of Rights on September 14, 2026 (Exhibit C); the signed charge is Exhibit D. This October 21, 2026 complaint is filed within ninety days even measured from that notice's issuance. The exact date of receipt of that second notice is not alleged here. The first charge's July 23 receipt date is not attributed to the second charge. The scope and timeliness of each claim remain governed by the applicable charge and law.

SERVICE INFORMATION

The Michigan corporate record supplied by Plaintiff lists Delta's registered agent as CSC-Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

RELATED WHISTLEBLOWER PROCEEDINGS

I also disclose DOL ALJ 2025-AIR-00008 / ARB 2026-0005. The ARB affirmed a dismissal with prejudice for discovery noncompliance on September 18, 2026. A separate OSHA matter, 301048707, concerned a February 1, 2025 complaint and September 4, 2026 findings; my October 4 objections request an ALJ hearing. These proceedings are disclosed for assessment of their scope and legal effect. This complaint does not request district-court appellate review of an ARB order or represent that the prior dismissals have been vacated. Each count is subject to applicable limitations, preclusion, exhaustion, and jurisdictional rules. No generalized reservation of rights is asserted to extend any deadline.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Littiece Jones v. Delta Air Lines, Inc.
CLAIMS ADDENDUM TO INITIAL COMPLAINT

CLAIMS (incorporating the facts in Section III.E, subject to the scope stated on form page 9). My employment status is unclear, and I believe I remain employed. All references below to termination or separation are alternative allegations under Rule 8(d), applicable only if Delta ended my employment; they rely additionally on Charge 410-2026-13284 and its September 14, 2026 notice.

Count I - Title VII, 42 U.S.C. sections 2000e(j) and 2000e-2(a). Delta knew of my sincere Sabbath practice and scheduling conflict. It denied reasonable shift-swap accommodation that could be provided without undue hardship and imposed adverse employment terms, suspension, and separation because of religion.

Count II - ADA, 42 U.S.C. section 12112(a), (b)(5)(A). I was qualified to perform essential duties with reasonable accommodations. Delta knew of my disabilities, limitations, and requests, but denied effective reasonable accommodations and excluded me from work, suspended me, and separated me because of disability. Disability was a but-for cause of those discriminatory decisions.

Count III - Title VII retaliation, 42 U.S.C. section 2000e-3(a). Delta knew of my opposition to religious discrimination and EEOC and court participation. That activity was a but-for cause of the later write-ups, zero-hour decisions, suspension, and separation. These actions would dissuade a reasonable worker from reporting discrimination.

Count IV - ADA retaliation, 42 U.S.C. section 12203(a). Delta knew of my disability-accommodation requests and opposition to disability discrimination. That activity was a but-for cause of the later materially adverse employment actions, including separation.

Count V - Michigan religious discrimination, Elliott-Larsen Civil Rights Act, MCL 37.2202(1)(a). Incorporating Section III.E, Delta knew of my Seventh-day Adventist religion and Sabbath practice and imposed discriminatory employment terms, suspension, and separation because of religion. The longstanding swap arrangement, its restriction, and Delta's treatment of my requests support an inference of religious discrimination.

Count VI - Michigan religious-discrimination retaliation, MCL 37.2701(a). I opposed religious discrimination and complained through internal and administrative processes. Delta knew of that opposition and retaliated through write-ups, exclusion or zero hours, suspension, and separation. The opposition was a significant factor in those decisions and caused resulting losses.

Count VII - Michigan disability discrimination and failure to accommodate, Persons With Disabilities Civil Rights Act, MCL 37.1102, 37.1202, and 37.1210. I had disabilities within the Act and could perform the job with reasonable accommodation. Delta knew of my limitations and requests, received medical documentation, denied effective accommodation, and excluded, suspended, and separated me because of disability. I rely on my written accommodation requests and documentation to establish the notice required by MCL 37.1210(18), where applicable. This count concerns accommodations required under Michigan law, subject to that law's limits.

Count VIII - Michigan disability-discrimination retaliation, MCL 37.1602(a). Delta knew that I opposed disability discrimination and pursued complaints about accommodation denials. That opposition was a significant factor in the subsequent materially adverse employment decisions, including separation, and caused loss of wages, benefits, employment opportunities, and emotional harm.

Count IX - Michigan Whistleblowers' Protection Act, MCL 15.362-15.363, limited to retaliation other than the December 2024-January 2025 claims dismissed with prejudice. I reported suspected workplace-safety violations to MIOSHA, including the report that prompted its January 2025 inspection. I did not knowingly make false reports. I allege Delta knew of my protected reporting and that it was a motivating factor in the later August 8, 2025 suspension and work exclusion challenged here. The earlier report supplies protected-activity background, not a renewed claim for the December 2024-January 2025 retaliatory acts. I seek authorized relief without duplicate recovery. In Case 12910, WPA allegations concerning other retaliation were dismissed without prejudice; this count remains subject to the separate judgment in Case 11224. MCL 15.363 generally requires suit within 90 days of the retaliatory act. The legal effect of earlier court filings on this October 2026 action requires determination; I do not assert that an EEOC or agency filing itself satisfies or extends that civil-action deadline. Continuing losses alone are not alleged to be new retaliatory acts.

PRIOR CASES AND LIMITS OF CLAIMS

I disclose E.D. Michigan cases 2:24-cv-11224 and 2:25-cv-12910. Case 11224 was dismissed with +without? prejudice April 22, 2026 under Rules 37 and 41; reconsideration was denied July 9, 2026, and I appealed. The November 5, 2025 order described its operative claims as concerning 2021-October 2024 events, although it also addressed a later reinstatement motion. Earlier events here provide background, not a renewed demand for recovery on claims finally adjudicated in that action.

Case 12910 began August 20, 2025 and was dismissed April 22, 2026. Its outcome table dismissed PWDCRA disability discrimination and accommodation, ELCRA religious discrimination, and ELCRA/PWDCRA retaliation without prejudice. Counts V-VIII here replead those statutory theories with the facts stated here only to the extent permitted by that disposition and the separate judgment in 11224; they are not represented as entirely new theories. The state religious-accommodation, constitutional, and December 2024-January 2025 WPA claims dismissed with prejudice are not reasserted. Count IX is limited to other alleged retaliation; it excludes the December 2024-January

2025 claims dismissed with prejudice and discloses the limitations issue. Reconsideration was denied July 9, 2026 and appeal was permitted in forma pauperis.

This action focuses on distinct 2024 + 2025 and later acts, including the disputed September 2025 separation and the later conduct described in Charge 410-2026-13284. It seeks no duplicate recovery and no district-court review of either judgment. Post-complaint claims are distinguished from earlier claims under Rawe v Liberty Mutual Fire Ins Co, 462 F.3d 521, 529-530 (6th Cir. 2006), subject to applicable preclusion rules and the actual scope of the prior pleadings. A later EEOC notice is not asserted to vacate a judgment.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/21/2026

**To:** Littiece Jones
45014 Trails ct
CANTON TWP, MI 48187
Charge No: 471-2025-02221

EEOC Representative and email: JAMIE DICKINSON
SUPERVISORY INVESTIGATOR
JAMIE.DICKINSON@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2025-02221.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
07/21/2026

Ramiro Gutierrez
Director

Cc:
NA NA
Delta Air Lines, Inc
1 Detroit Metro Airport
DETROIT, MI 48242

Kathleen Mones
Mones Law, P.C.
191 Peachtree Street NE Ste. 3950
Atlanta, GA 30303

Erin Harris
Delta Air Lines, Inc.
1030 Delta Blvd Dept 981
Atlanta, GA 30354

Please retain this Notice for your records.

| **Attorney/Representative Information (if any):** | |
|---|---|
| Attorney name: | Jennifer Woods |
| Non-Attorney Representative name: | Lithiea Jones Pro Se |
| Address: | 8450 M139 |
| City, State, ZIP Code: | Berrien Springs, MI 49103 |
| Telephone number (if applicable): | 269.473.8200 |
| E-mail address (if any): | Contact@lakeunion.org |
| **General Information:** | |
| Name of the agency being charged with discrimination: | EEOC/Delta Air Lines, Inc. |
| Identify the Agency's complaint number: | 471-2025-02221 |
| Location of the duty station or local facility in which the complaint arose: | Detroit, MI |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ☑ Yes Date Received 7/23/2026 (Remember to attach a copy)<br>☐ No |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/14/2026

**To:** Littiece Jones
45014 Trails ct
CANTON TWP, MI 48187

Charge No: 410-2026-13284

EEOC Representative and email: JOANNA RIVERA
BILINGUAL INVESTIGATOR
JOANNA.RIVERA@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2026-13284.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
09/14/2026

Ramiro Gutierrez
Director

**Cc:**
NA NA
Delta Air Lines, Inc
1030 DELTA BLVD
HAPEVILLE, GA 30354

Please retain this Notice for your records.

EEOC Form 5 (2025)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form

Charge Presented To: Agency(ies) Charge No(s):

410-2026-13284

State or local Agency, if any — and EEOC

| Name (indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev., etc.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Littiece Jones | 313-515-9797 | 1981 |

Street Address, City State and ZIP Code

45014 Trails Ct. Canton, MI 48187

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ~~Littiece~~ Delta Air Lines, Inc | 50+ | |

Street Address, City State and ZIP Code

DTW

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE Earliest | Latest |
|---|---|---|
| | | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Delta Airlines Discriminated against me on or around 9/30/2025 based on Age, Disability, Religion, Wrongful Termination, Retaliation. Please see attached.

*I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.*

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

[illegible] Littiece Jones

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Littiece Jones

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

7/27/2026

Charging Party:
Littiece Jones
45014 Trails Ct.
Canton, MI 48187
313-515-9797
LRBJ_99@yahoo.com

July 27, 2026

Re: Charge of Discrimination Against Delta Air Lines, Inc.

To: Equal Employment Opportunity Commission
Detroit Field office (EEOC)

Dear EEOC:

Pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and other applicable federal laws enforced by the EEOC, I request that this signed letter be accepted as my Charge of Discrimination against Delta Air Lines, Inc.

Charging Party: Littiece Jones 45014 Trails Ct Canton, MI 48187 313-515-9797 LRBJ_99@yahoo.com

Employer: Delta Air Lines, Inc. 1030 Delta Blvd. Atlanta, GA 30354 1-800-221-1212
# of employees 50+

I believe Delta Air Lines, Inc discriminated against me by terminating my employment, denying reasonable disability accommodations, denying my religious accomodation, denying my return to work, providing inconsistent information regarding my employment status, not responding to my internal appeal, and retaliating against me for engaging in protected

activity, including but not limited to requesting reasonable accommodations and filing prior EEOC charges.

Dates of Discrimination:
Earliest: September 30, 2025
Latest: March 12, 2026 on or around then

Discrimination Based on:
- Disability
- Religion
- Age
- Retaliation
- Hostile Environment

~~The~~ I submit this signed letter to preserve my rights regarding the alleged September 30, 2025 termination, discrimination based on disability, + harassment

religion, age, retaliation, hostile Environment. I request that the EEOC investigate these allegations and all related discriminatory and retaliatory acts by Delta Air Lines, Inc.

I declare under penalty of perjury that the foregoing is true and correct ~~to the best~~ I affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. Lilliece Jones 7-27-2026

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

Action arose in: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case: 2:26-cv-14030
Assigned To : Murphy, Stephen J., III
Referral Judge: Grand, David R.
Assign. Date : 10/22/2026 Description: CMP Jones v. Delta Air Lines, Inc. (tt)

**I. (a) PLAINTIFFS**
Littiece Jones

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Littiece Jones, pro se
45014 Trails Ct., Canton, MI 48187
313-515-9797 | LRRL_99@yahoo.com

**DEFENDANTS**
Delta Air Lines, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
No counsel has appeared in this new action.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII, 42 U.S.C. 2000e-2, 2000e-3; ADA, 42 U.S.C. 12112, 12203.

Brief description of cause:
Employment discrimination; accommodations; retaliation; suspension and separation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Unspecified

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Susan K. DeClercq DOCKET NUMBER See companion page

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☐ No

If yes, give the following information:

Court: U.S. District Court, Eastern District of Michigan

Case No.: 2:24-cv-11224 (related prior action)

Judge: Susan K. DeClercq

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: U.S. District Court, Eastern District of Michigan

Case No.: 2:25-cv-12910

Judge: Susan K. DeClercq

Notes : New action asserts later employment acts; related prior dismissal disclosed for review.

Save Print Reset Exit